Aloha. Christopher Evans on behalf of Petitioner of Pehlewan. She's also the defendant in the criminal case in the lower court. First, I'd like to thank the court for scaling this matter for argument. Second, I'd also like to extend the court a big aloha for assisting with credit time from the entry of her judgment of conviction on August 17, 2006 up to the present time. However, the time period of October 6, 2005 up to the date of imposition of sentence on August 17, 2006 has not been accounted for and has not been credited towards her computation of sentence by the Bureau of Prisons. That should not happen and we're looking to this court to correct that infirmity. Can we do that at this time? I'm sorry, Your Honor. Can we do that at this time? Yes. It's my belief. It's also my legal opinion that you can do so and the reason for that is because the writ that took her out of state custody in fact clothed her with federal custody and that's based upon the language of the writ in two important respects. Counsel, the issue before us, as I recall, is that you wanted us to arrange for her transfer to the federal system. Yes. Is that what the issue before the court was? Well, the 2255 motion which brought this matter to your attention in two respects has different prayers for relief. The first was that credit time be given from the time of the imposition of sentence and there's another portion of the 2255 motion itself which talks about credit in general terms. So therefore, I would request this court to broadly construe the four corners of the 2255 motion and interpret it to be a prayer for relief of credit time from the date that she was taken into custody, October 5th, 2005. That's where I'm confused. Yes, thank you. If in fact you had your relief now, she's going to serve concurrent time in the federal system, right? Yes, sir. And isn't those items relative to maybe times or dates under the prison's authority now? It's not for us to decide that. Well, some cases say that, other cases don't say that. And my argument would be if the court were to interpret the writ as taking her into federal custody, then from that date forward, all the time should be credited towards her computation of sentence. Now, in the attachment submitted by Karen Craighead, you've got attachment 7, which is a Bureau of Prisons policy statement. And in a parenthetical expression on attachment 7, they say that if you're in custody pursuant to a writ of habeas corpus ad prosecuendum, you don't get credit time. Well, that simply is not correct. And I would point to the Tenth Circuit decision in Brown v. Perrell where it states that that writ in fact transmuted the custodial status of the state prisoner in that case to federal custody. Let me just get clear exactly where we are. Yes. Thank you. Which time are you now asking for? I am asking for time from October 6, 2005, which is the date she was brought into federal custody by the writ. Now, did you ask for that in the district court? Specifically, no, I didn't. According to the district court's decision, you asked for two things. Requesting a court order to transfer her to federal custody, which has now been accomplished. And you asked that she receive credit for the time elapsed between August 17, 2006, and the date this petition is granted. That's correct. And that has also been accomplished. That is correct. You have received all the relief that you requested from the district court. What Your Honor is pointing out is in fact my prayer for relief in the lower court. The last clause of the 2255 motion says exactly what you just said. However, there is a midsection of the 2255 motion where one of the grounds specified was that she be entitled to credit. And there was a generic use of the word credit. So what I'm asking the court, if the court would please allow a broad interpretation of the 2255. Broad interpretations are fine, but as I remember over the years, those matters have always been handled by the Bureau of Prisons. So you're just saying we should step out of our role and assume the role that normally the Bureau of Prisons does? No, not really. And the reason I'm saying that is because of Brown v. Perrell. It's a Tenth Circuit case. I'm sorry? It's a Tenth Circuit case. So why should we adopt that? I would respectfully request the court consider that because the reasoning set forth in that opinion is similar to this court's prior determinations, and I'm sure Judge Reinhart is familiar with Thomas v. Brewer, where the court examined the language of the writ itself. Well, shouldn't we send it back then? If that's the case, we probably should send it back to the district court to make some findings there. We don't have those. Your Honor, I'd... Go ahead. I would accept that. I would accept a remand and allow Judge Ezra to look into that question because... Well, you didn't have the opportunity to specifically address it before. I haven't. We're flying blind in the sense that we don't have any district court findings or holdings to review, right? That is correct. You are correct. It's hard to say the district court erred in not making findings that you didn't request. Thank you very much. But addressing Judge Brunetti's concern is that I don't want to say I'm blindsided. I'm thrilled that the Bureau of Prisons has acknowledged from August 17, the date of imposition of sentence, until now. However, they took the next step and they said, oh, by the way, the time from October 6, 2005, to the date of the imposition of sentence, we're not going to count. And all of a sudden, I was faced with another issue. Right. I mean, it's a new issue. I'm just saying. But I do believe... If we're going to construe your writ as including that date, and now that the BOP has changed its position, then it seems to me the best course is to send it back to the district court. That may be one alternative. However, I would also attempt to persuade you all that given the nature of the argument in advance, that the writ closed her with federal custody, period, that if that argument was accepted, then all the date and the time from October 6th forward would have to be calculated into the credit time. There are other problems such as jurisdiction and whether it can be accomplished through a 2255 motion. But in any event, the issue really isn't before us because all the relief you asked for from the district court has been granted. And if there's additional relief, as I think both my colleagues have indicated, you should first ask the district court, which is more involved in this than we are. But let's hear from the government. All right. Thank you. May it please the court. Good morning. Les Osborne for the United States. Good morning. Your Honor, we review the facts now in light with comments I've heard from the court. It appears that Ms. Kakanami has received all of the relief that she has prayed for. Perhaps one of the reasons why we're all here this morning is that it would appear proper procedures of bringing this to the attention of Bureau of Prisons didn't happen until we were a long way down the road. It appears now that Ms. Kakanami should address her concerns to the Bureau of Prisons. In the supplemental brief that the court just received, I hope the court has received it. But, you know, let me just say it shouldn't be this difficult to get this kind of a problem straightened out. It's taken years and briefs and so much court time. Why can't this just be worked out so that the relief that obviously the appellant was entitled to from the beginning should have been worked out without two courts having to get involved, spend a lot of time? Why can't the government and the prisoner or their attorneys just get together and resolve a problem like this? Your Honor, it is because obviously the Bureau of Prisons felt strongly that primary jurisdiction needed to be relinquished by the state court judge. That was never done until the state court judge recently acted and did, in fact, relinquish primary jurisdiction. Once that occurred, all of the then existing problems went away. Well, they didn't go away. It was a year ago at least that they released jurisdiction. And then until we asked these questions, nothing further happened. You know, I'm not casting blame on either side. But, you know, when we issued some questions, then the district court issued an order. The Bureau of Prisons wrote a letter saying we're doing all of this. Can't you two get together and resolve these problems? Now, when you say the Bureau of Prisons felt strongly, I don't know whether they felt strongly, but it's part of the government. You know, why, instead of litigating this question, couldn't the government have said the Bureau of Prisons wants the state court to issue an order? And then counsel goes to the state court and says, look, the Bureau of Prisons feels strongly. You know, we have all this formalism of getting problems resolved that waste your time, his time, our time, the district judge's time. It's all unnecessary. There's no reason to litigate any of this. If the Bureau of Prisons feels something, then that would be an unusual event. But if the Bureau of Prisons has some feelings about the problem, why don't you say so to the appellant's lawyer? And then, you know, they can be communicated. Or the Bureau of Prisons could even, I mean, that might violate federalism, but they might even tell the state court, we feel very strongly. Here's what we want you to do. Why is all this litigation necessary? Your Honor, that is a question that I'm not capable of answering. I agree with the court that we have had a tremendous amount of perhaps unnecessary, totally unnecessary effort. But the fact of the matter was I could never instruct the Bureau of Prisons what to do and wouldn't attempt to. You know, there's something wrong. One of the things that's wrong with the legal system is if we all have to go through this, you don't have to instruct the Bureau of Prisons. Talk to them. Then talk to the other side and get it worked out. Now, we're going to send it back to the district court. That doesn't mean Judge Ezra has to now litigate a problem all over again. It means the two of you get together and talk and see if the problem can be resolved. Don't get the courts involved in this anymore. Just see if you can work it out. And if not, maybe we'll see you again someday. Your Honor, we will try. But the problem I can foresee is this 18 U.S.C. 3585 parent little B. Ms. Craighead has already indicated that they feel constrained to follow the provisions of that statute. Because it's something the state court has done, which it might undo, if it would help you solve the problem of whatever those numbers are. Now, Judge Thomas has a question. Well, do you have a position on the remaining issue, which is the period from October to August? My position, Your Honor, is the position that's found in the Craighead Declaration, which is the sentence begins, the computation begins on the day the federal sentence was imposed, because this statute precludes a computation if credit was given for the time by another sovereign. In this case, it clearly was. I will call Ms. Craighead, Your Honor, and I will express as strongly as I can the sentiments that I understand from today. But I can't promise the court. Let me ask another question. We do have a mediation service in our courts. It's very successful. And the circuit mediator can bring the BOP directly, including you, into the discussions, and perhaps the state court. It has an ability to reach out to non-parties that we don't. Is that a better solution in the interim, rather than sending it back to Judge Ezra for him to hear this and throw up his hands? Your Honor, it sounds like a far more expeditious solution and may save a large number of trees, and we would not oppose it. I wouldn't be open-ended. But, I mean, we usually, if parties are agreeable, we put them on a three-month or six-month time period, and the circuit mediator tries to work it out. Is that acceptable to the government? It sounds very sensible, Your Honor. Yes. Thank you. All right. The case just argued will be submitted. We will issue an order along the lines Judge Thomas suggested. Thank you, Your Honor. Thank you. The next case for oral argument is Tangonan v. Philippe.
judges: Reinhardt, Brunetti, Thomas